IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01413-PAB-GPG

STONE CREEK BUSINESS CENTER, LLLP, a Colorado limited liability limited
partnership,

      Plaintiff,

v.

STONE CREEK–COLORADO, LLC, a Delaware limited liability company, and
MIKHAIL KAMINSKI, an individual, and
CBRE, INC., a Delaware corporation,

      Defendants.

_____

**ORDER**
_____

This matter is before the Court on Defendants Stone Creek–Colorado, LLC and

Mikhail Kaminski's Partial Motion for Summary Judgment [Docket No. 95].  Plaintiff

responded, Docket No. 99, and defendants Stone Creek–Colorado, LLC ("SCC") and

Mikhail Kaminski (collectively, "defendants") jointly replied.  Docket No. 103.  SCC and

Kaminski seek summary judgment on plaintiff's unjust enrichment and promissory-

estoppel claims.

## I. BACKGROUND[1]

Plaintiff owned commercial property in Avon, Colorado (the "Property").  Docket

No. 95 at 1, ¶ 1.  Plaintiff and non-party K Capital, LLC ("K Capital") contracted for the

purchase and sale of the Property.  *Id.*, ¶ 2.  Before the closing, which occurred on

September 12, 2018, K Capital assigned the contract to SCC.  *Id.* at 1–2, ¶¶ 3–4.

_____

[1] The following facts are undisputed unless otherwise noted.

Plaintiff and SCC amended the Purchase and Sale Agreement between them such that plaintiff agreed to escrow $168,000 at closing to reconcile a "common area maintenance issue" with a tenant.  *Id.* at 2, ¶ 5.  Plaintiff and SCC then entered into a Master Lease Agreement; however, plaintiff did not make all lease payments to SCC under the Master Lease Agreement.  *Id.*, ¶¶ 7–8.[2]  Kaminski did not sign either the Purchase and Sale Agreement or the Master Lease Agreement in his individual capacity.  Docket No. 99 at 5, ¶¶ 1–2.

Plaintiff and SCC also entered into a post-closing agreement wherein SCC agreed to make monthly interest-only payments of $5,000 on a note[3] and monthly payments of $6,292.18 under the Master Lease Agreement.  *Id.*, ¶ 3.  Although SCC made the first interest payment on the note, it thereafter stopped making payments.  *Id.*, ¶ 4.

## II.  LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Anderson*

---

[2] Plaintiff purports to dispute the fact that it did not make all payments due under the Master Lease Agreement by arguing that defendants imply that plaintiff missed payments without legal justification.  Docket No. 99 at 3, ¶ 8.  Plaintiff does not dispute, however, that it did not make all payments under the Master Lease Agreement. Accordingly, this fact is admitted.  Moreover, this portion of plaintiff's response does not comply with the Court's practice standards, which state that, an admission or denial of an asserted fact shall be "accompanied by a **brief** factual explanation," Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.F.3.b.iv, and that "**[l]egal** argument is not permitted here and should be reserved for separate portions of the briefs."  *Id.*, § III.F.3.b.vii.  Plaintiff's response is not brief and contains legal argument.

[3] Although neither party explains what this note is, the Court assumes it is the promissory note that the member interest purchase agreement provided collateral for.

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted).  "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Bausman*, 252 F.3d at 1115.  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*

### III.  ANALYSIS[4]

Defendants seek summary judgment on plaintiff's unjust enrichment and promissory-estoppel claims.  *See* Docket No. 95 at 4–9.

### A.  Unjust Enrichment

Plaintiff brings an unjust-enrichment claim against both SCC and Kaminski.  *See* Docket No. 35 at 10–11, ¶¶ 67–70.  Unjust enrichment is a "claim in quasi-contract for money damages based upon principles of restitution."  *DCB Const. Co. v. Cent. City Dev. Co.*, 965 P.2d 115, 118 (Colo. 1998).  To state a claim for unjust enrichment in Colorado, a plaintiff must show that, "(1) at plaintiff's expense[,] (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying."  *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008).

Defendants argue that they are entitled to summary judgment on plaintiff's unjust-enrichment claim because there is a valid contract that covers the alleged conduct at issue.  Docket No. 95 at 4.  As the Court noted in denying defendants' motion to dismiss the unjust-enrichment claim, *see* Docket No. 61 at 18–21, although a plaintiff may *plead* claims for breach of contract and unjust enrichment in the alternative, "a party cannot *recover* for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract."  *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003) (emphasis added); *see also W.*

---

[4] Because the parties invoke Colorado law, the Court applies Colorado law in resolving the motion.  *Cf. Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption").

*Ridge Grp., LLC v. First Tr. Co. of Onaga*, 414 F. App'x 112, 120 (10th Cir. 2011) (unpublished) (same).  There are two exceptions to this rule.  "First, a party can recover on a quasi-contract when the implied-in-law contract covers conduct outside the express contract or matters arising subsequent to the express contract."  *Interbank*, 77 P.3d at 816.  "Second, a party can recover on a quasi-contract when the party will have no right under an enforceable contract."  *Id.* (quotation marks and citation omitted).  "For example, quasi-contractual recovery may be allowed when an express contract failed or was rescinded."  *Id.*

Plaintiff pled a breach-of-contract claim against SCC and Kaminksi for failing to make the required payments on the promissory note.  *See* Docket No. 35 at 8, ¶¶ 41–49 ("SCC and Kaminski failed to make monthly payments under the Note and failed to make final payment of the remaining principal and interest on or before September 7, 2019.").[5]  Although it was permissible for plaintiff to plead both breach of contract and unjust enrichment based on this conduct, *see* Docket No. 61 at 18–21, plaintiff may only maintain an unjust-enrichment claim if either of the *Interbank* exceptions applies here.  Neither does.  As to the first exception, the Court notes that the basis of plaintiff's unjust-enrichment claim is the same as its breach-of-contract claim, namely, that SCC did not make all of the payments on the note pursuant to the post-closing agreement.  Docket No. 35 at 5–6, 10–11, ¶¶ 23–28, 68–70.  The undisputed facts also show that SCC did not make all of the payments that it agreed to.  Docket No. 99 at 5, ¶¶ 3–4.  Plaintiff provides no facts, disputed or undisputed, and makes no argument that there

---

[5] The Court dismissed the portion of the breach-of-contract claim against Kaminski because he was not a party to the note, and plaintiff did not plausibly allege that SCC is an alter ego of Kaminski.  Docket No. 61 at 12–13.

was a separate quasi-contract or an implied contract that SCC did not comply with, or that plaintiff's unjust-enrichment claim is based on conduct outside of plaintiff's post-closing agreement with SCC.  Plaintiff, therefore, has not shown that the first exception could apply.  As to the second exception, plaintiff provides no facts and makes no argument that the post-closing agreement was not a valid, enforceable contract or was in any way deficient.  Therefore, plaintiff has not shown that the second exception could apply.

Defendants as the movants without the ultimate burden of persuasion at trial may satisfy their burden at summary judgment by identifying a lack of evidence for plaintiff on an essential element of plaintiff's claim.  *See Bausman*, 252 F.3d at 1115; *Celotex*, 477 U.S. at 324 (noting that, "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings" (quotation omitted)).  Because a party cannot recover for both breach of contract and unjust enrichment, it is an essential element of plaintiff's unjust-enrichment claim that either defendants' conduct falls outside the scope of the contract or that the relevant contract is invalid or unenforceable.  *See Interbank*, 77 P.3d at 816.  Defendants have shown a lack of evidence for plaintiff that either *Interbank* exception applies.  To survive summary judgment, plaintiff, as the nonmoving party with the ultimate burden at trial, must show a genuine issue for trial, *see Concrete Works*, 36 F.3d at 1518, by designating "specific facts," *Celotex Corp.*, 477 U.S. at 324, that "establish, at minimum, an inference of the presence of each essential element" of the claim.  *Bausman*, 252 F.3d at 1115.  Plaintiff has not met its burden because it has not shown an inference of either *Interbank* exception.  *See W. Ridge Grp.*, 414 F. App'x at

120.  Accordingly, SCC is entitled to summary judgment on plaintiff's unjust-enrichment claim.

It is undisputed that Kaminski, "in his individual capacity, [was] not a signatory" to the various agreements.  *See* Docket No. 99 at 5, ¶¶ 1–2.   Although not part of the briefing, the Court notes that plaintiff's unjust-enrichment claim against Kaminski is based only on Kaminski's status as the sole member of SCC.  *See* Docket No. 35 at 3, 10–11 ¶¶ 10, 13, 68–70 (alleging that (1) Kaminski was the sole member of K Capital and is the sole member of SCC; (2) Kaminski represented himself as one and the same with SCC, such that the purchase of the Property was "being made in pursuit of Kaminski's own affairs"; (3) SCC and Kaminski received a benefit in the form of the Property; and (4) SCC and Kaminski received the benefit at plaintiff's expense under circumstances that would make it unjust for SCC and Kaminski to retain the benefit without compensation to plaintiff).  However, the Court has already determined that plaintiff failed to plausibly allege that SCC is Kaminski's alter ego.  Docket No. 61 at 12–13.  Because plaintiff's unjust-enrichment claim against Kaminski is derivative of its claim against SCC, which fails as a matter of law, and plaintiff provides no "inference of the presence of each element" of its unjust-enrichment claim against Kaminski individually, *see Bausman*, 252 F.3d at 1115, Kaminski is also entitled to summary judgment on plaintiff's unjust-enrichment claim.  Moreover, even though the Court dismissed plaintiff's breach-of-contract claim against Kaminski, *see* Docket No. 61 at 12–13, that alone does not entitle plaintiff to maintain an unjust-enrichment claim against him in the alternative.  *Cf. Echostar Satellite, L.L.C. v. Splash Media Partners, L.P.*, No. 07-cv-02611-PAB-BNB, 2010 WL 3873282, at *8 (D. Colo. Sept. 29, 2010)

("the fact that [plaintiff's] breach of contract claim may fail does not allow [it] to plead unjust enrichment in the alternative").  The court in *Interbank* explained the rationale for this rule:

> If the threshold for judicial implication of a quasi-contract became the adequacy of the remedy under an express contract, rather than the enforceability of that contract, the outcome would be determinable only on a case-by-case basis, after all of the evidence had been presented, and without either predictability or precise standards.  *Cf. Town of Alma v. Azco Constr., Inc.*, 10 P.3d 1256 (Colo. 2000) (economic loss rule promotes the predictability of contracts by allowing the parties to allocate loss and risk and decrease their uncertainty on future liability).  Moreover, failure to prove actual damages could become a litigation tactic available when a party perceives that unjust enrichment might be more favorable than the remedy provided by an express contract.

*Interbank*, 77 P.3d at 818–819.

## B.  Promissory Estoppel

Plaintiff brings a promissory-estoppel claim against defendants, alleging that plaintiff relied on defendants' promise to pay the note in full and that this reliance was to plaintiff's detriment when defendants failed to make payments.  Docket No. 35 at 14, ¶¶ 89–94.  To state a claim for promissory estoppel, a plaintiff must show "(1) a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee; (2) action or forbearance induced by that promise; and (3) the existence of circumstances such that injustice can be avoided only by enforcement of the promise."  *United Water & Sanitation Dist. v. Geo-Con, Inc.*, 488 F. Supp. 3d 1052, 1057–58 (D. Colo. 2020) (quoting *Nelson v. Elway*, 908 P.2d 102, 110 (Colo. 1995); citing Restatement (Second) of Contracts § 90).  Defendants argue that they are entitled to summary judgment on plaintiff's promissory-estoppel claim because of plaintiff's unclean hands.  Docket No. 95 at 7–9.

Although defendants seek summary judgment on this claim based on the unclean hands doctrine, defendants are entitled to summary judgment on plaintiff's promissory-estoppel claim for the same reason as on plaintiff's unjust-enrichment claim. A party may plead breach of contract and promissory estoppel in the alternative, but a party may not recover for promissory estoppel where there is an enforceable contract. *See United Water*, 488 F. Supp. 3d at 1058 (citing *Wheat Ridge Urban Renewal Auth. v. Cornerstone Grp. XXII, LLC*, 176 P.3d 737, 741 (Colo. 2007)); *see also Haynes Mech. Sys., Inc. v. Bluon Energy, LLC*, No. 18-cv-03004-KLM, 2021 WL 3128652, at *12 (D. Colo. July 23, 2021) ("Recovery on a theory of promissory estoppel is incompatible with the existence of an enforceable contract" because, "[w]hen there has been mutual agreement by the parties on all essential terms of a contract, the alternative remedy of promissory estoppel is never reached." (quoting *Malasky v. First Motor Sports, Inc.*, No. 07-cv-00046-JLK, 2008 WL 2095528, at *7 (D. Colo. May 16, 2008)).  Because a promissory-estoppel claim cannot lie where there is a valid, enforceable contract, the viability of plaintiff's promissory-estoppel claim against SCC depends on the contract being either invalid or unenforceable.  Plaintiff, however, does not argue that the Master Lease Agreement or post-closing agreement are invalid or unenforceable.  Rather, plaintiff's theory in opposition to defendants' unclean hands defense is that Master Lease Agreement and the post-closing agreement were valid and enforceable and that plaintiff was justified in not making all lease payments to SCC under the Master Lease Agreement because of SCC's conduct.  *See* Docket No. 99 at 11–12.  As the Court explained with respect to plaintiff's unjust-enrichment claim, plaintiff has not shown even an inference regarding the validity or enforceability of the

9

contract or the post-closing agreement, and plaintiff's promissory-estoppel claim is premised on the contracts' validity.  *See Bausman*, 252 F.3d at 1115.   Moreover, as with plaintiff's unjust-enrichment claim, plaintiff's theory of liability against Kaminski for promissory estoppel is based on Kaminski's status as the sole member of SCC and is therefore derivative of SCC's promissory estoppel liability.  Because plaintiff's promissory-estoppel claim against SCC fails as a matter of law, Kaminski is also entitled to summary judgment on this claim, and the Court will grant defendants' motion.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants Stone Creek–Colorado, LLC and Mikhail Kaminski's Partial Motion for Summary Judgment [Docket No. 95] is **GRANTED**.  It is further

**ORDERED** that plaintiff's fifth claim, for unjust enrichment, and eighth claim, for promissory estoppel, against defendants Stone–Creek Colorado, LLC and Mikhail Kaminski are **DISMISSED with prejudice**.

DATED September 23, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge