# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01413-PAB-GPG

STONE CREEK BUSINESS CENTER, LLLP, a Colorado limited liability limited partnership,

    Plaintiff,

v.

STONE CREEK-COLORADO, LLC, a Delaware limited liability company; MIKHAIL KAMINSKI, an individual; CBRE, INC., a Delaware corporation; and PRESCIENT CAPITAL PARTNERS, LTD., a Wisconsin corporation,

    Defendants.

---

## PLAINTIFF STONE CREEK BUSINESS CENTER, LLLP'S MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT STONE CREEK-COLORADO, LLC

---

Pursuant to Fed. R. Civ. P. 54, Plaintiff Stone Creek Business Center, LLLP ("Plaintiff"), by and through its counsel, West Huntley Gregory PC, hereby requests this Court enter judgment in favor of Plaintiff and against Defendant Stone Creek-Colorado, LLC ("SCC"). In support of this Motion, Plaintiff states as follows:

### CERTIFICATION OF CONFERENCE

SCC is a Colorado limited liability company that has knowingly and voluntarily determined not to retain substitution counsel in this matter. At the Final Pretrial Conference herein held on November 9, 2022, Defendant Mikhail

Kaminski, sole member of SCC, verified that he understood that SCC could not proceed without counsel. [Courtroom Minutes, ECF No. 131]. Counsel for Plaintiff has conferred with Mikhail Kaminski, sole member of SCC, regarding the relief requested herein, and consistent with its position at the Final Pretrial Conference, SCC does not oppose this Motion.

## ARGUMENT

1. On March 18, 2020, Plaintiff initiated this action by filing a Complaint in the District Court for Eagle County, Colorado.

2. On May 18, 2020, Defendants SCC and Kaminski filed a Notice of Removal from the District Court of Eagle County, Colorado. [ECF No. 1].

3. Plaintiff's claims against Defendant Prescient Capital Partners Ltd. were dismissed March 9, 2021. [ECF No. 61].

4. Plaintiff's claims against Defendant Mikhail Kaminski have all been dismissed. [ECF Nos. 61 and 121].

5. The remaining parties, Plaintiff, SCC and Defendant CBRE, Inc. ("CBRE") are scheduled to go to trial on July 10, 2023.

6. Plaintiff has accepted an Offer of Judgment tendered by CBRE pursuant to Fed. R. Civ. P. 68, and Plaintiff is awaiting entry of such judgment by the Court. [ECF No. 141].

7. Upon the Court's entry of judgment against CBRE, the only claims

remaining in this action will be Plaintiff's second and ninth claims against Defendant Stone Creek-Colorado LLC for breach of contract and bad check, respectively.

8. Counsel for SCC filed a Motion to Withdraw as Counsel of Record for Defendants Mikhail G. Kaminski and SCC on September 30, 2022. [ECF No. 124].

9. On October 11, 2022, a Motion Hearing was held and the Court granted the Motion to Withdraw as Counsel of Record for Defendants Mikhail G. Kaminski and SCC. [ECF No. 127].

10. At the Final Pretrial Conference in this matter held on November 9, 2022, Defendant Mikhail Kaminski made the court aware that SCC would not be obtaining counsel. [Courtroom Minutes, ECF No. 131].

11. The Court expressly verified with Mikhail Kaminski, sole member of SCC, that he understood that a limited liability company could not proceed without counsel or it may be deemed to be in default. *Id.*

12. Defendant Mikhail Kaminski acknowledged that he understood the Court's comments and was willing to accept the outcome of a default judgment against SCC. *Id.*

13. Colorado law allows a closely held entity to be represented in court by an officer of such entity only if the matter in controversy does not exceed fifteen thousand dollars. C.R.S. § 13-1-127.

14. The amount in controversy in the instant case exceeds fifteen thousand

dollars.

15.     "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); *see e.g. Tal v. Hogan*, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court.") (citing cases in footnote); *Martin v. Directors of Guild of Am.*, 2006 WL 1351650, at *2 (D. Colo. May 16, 2006) ("It is well established that LLCs must be represented by counsel in order to proceed before this court.") (citing *Roscoe v. United States*, 134 F. App'x 226 (10th Cir. Apr. 29, 2005) (LLC cannot proceed pro se)).

16.     Pursuant to Claim Two of the Complaint, Plaintiff seeks damages against SCC for breach of the Note in the principal amount of $972,000, together with default interest from September 8, 2019 through the present at the rate of 14% in the amount of $501,442.90, for a total judgment amount of $1,473,442.90 as of May 15, 2023. [Second Amended Complaint, ECF No. 35, and Final Pretrial Order, ECF No. 133].

17.     Pursuant to Claim Nine of the Complaint, Plaintiff seeks damages against SCC in the principal amount of $5,000, together with interest at the rate of 8%. Plaintiff notes that the damages for this claim are subsumed by the principal

4

amount noted in Paragraph 16 above.

18. There is no just reason to delay entry of final judgment against SCC. Plaintiff requests pursuant to Fed. R. Civ. P. 54(b), that the Court make an express finding to this effect.

19. Accordingly, having satisfied all of the requirements for the entry of judgment, Plaintiff asks that, pursuant to Fed. R. Civ. P. 54, this Court enter final judgment on Plaintiff's second and ninth claims for relief against SCC as set forth in the Complaint.

20. Further, upon entry of judgment against CBRE pursuant to the offer of judgment [ECF No. 141], and entry of judgment against Defendant SCC pursuant to this Motion, there will be no remaining claims in this matter.

21. Accordingly, Plaintiff requests that the trial scheduled for July 10-14, 2023 be vacated upon entry of both judgments.

WHEREFORE, for the foregoing reasons, Plaintiff Stone Creek Business Center, LLLP, respectfully requests that this Court enter judgment against SCC as set forth herein and grant any other relief the Court deems appropriate.

Respectfully submitted this 16th day of May, 2023.

          *s/ Robert N. Gregory*
Robert N. Gregory (42560)
West Huntley Gregory PC
100 S. Ridge Street, Suite 204
P.O. Box 588
Breckenridge, CO  80424
(970) 453-2901
bob@brecklaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by email this 16th day of May, 2023, as follows:

lquiat@bakerlaw.com and stillotson@bakerlaw.com; for CBRE, INC.

mgkaminski10@gmail.com for Stone Creek-Colorado, LLC

*s/ Jill Block*